Dawson *v.* Drake.

## JACOB H. DAWSON

*v.*

## ELKANAH DRAKE and others.

Under foreclosure of a first mortgage of $10,000, to which the holder of a second mortgage of $2,000 was a party, the premises, worth $14,000, were sold for $10,000 to the first mortgagee. Upon petition of the second mortgagee, alleging that he had refrained from bidding at the sale on account of representations of the first mortgagee, and also of a third person, as to the amount each would offer, a resale was ordered on the petitioner's giving security to obtain a bid of $13,000. Actual betterments put on the premises since the sale, and taxes paid, to be refunded, with interest, to the first mortgagee before the payment of anything on account of the second mortgage.

Bill to foreclose.    Petition to set aside sheriff's sale.

*Mr. C. F. Hill,* for petitioner.

*Mr. G. F. Tuttle,* for complainant.

THE CHANCELLOR.

At the sheriff's sale under the execution in this cause, the complainant, who was the holder of the first mortgage (the first encumbrance), purchased the mortgaged premises, which were a house and lot in Newark, for $10,000. The sheriff has not yet delivered the deed. There was then due on the complainant's mortgage the sum of $11,095.25, or thereabouts. The petitioner was the holder of the second mortgage (which was the second encumbrance on the property), and there was due on it the sum of $2,112.25, or thereabouts. The property, according to the evidence, would have been, and would now be, cheap at $14,000. Though the petitioner was present at the sale he did not bid, and he does not appear to have taken any step to get bidders. The reason which he offers for this seeming inactivity

and inattention to his interest, is, that he relied on assurances received by him from the complainant, before the sale, that there would be such a competition for the property as would secure his claim; that there was a person, whom he named, Mr. Horace A. Hall, who would give $13,000 for it, and that he himself would authorize his solicitor to bid it up to $13,500. Mr. Hall has been sworn as a witness on this application, and it appears that he was indeed willing to give that amount, and so informed the complainant, and is now willing to bid $14,000 for the property if a resale be ordered. Though he was present at the sale, he did not bid. He testifies that he had an understanding with the complainant, who, though he knew that he was willing to give $13,000 for the property, had agreed that he should have it at the amount of the complainant's debt, interest, costs and sheriff's fees. He testifies that the reason why he did not bid at the sheriff's sale was that he understood the complainant's solicitor to propose that, in order to save sheriff's fees he should not do so, but should leave it to the complainant's solicitor to do the bidding, in order that the property might be bought in at as low a price as possible. He swears that but for this understanding as to the bidding on which he rested, he would have bid at the sale $11,750. There appears to be no good reason to doubt that the petitioner did rely on the statements made by the complainant to him before the sale as to the demand for the property and the competition which would surely be consequent thereon. The witnesses on both sides are all highly respectable, and the contradictions in their testimony are evidently due to a difference of recollection. It is unnecessary to consider the testimony in detail, or to make any comparison, for the fact appears clearly that, through a very natural reliance upon what was said to him by the complainant, in respect to the prospects of the sale of the property, the petitioner took no steps to protect his interest, and that, through his reliance on what he understood to be the agreement between him and the complainant, Mr. Hall did

not bid at the sale as, otherwise, he would have done. The complainant's son, Jacob H. Dawson, Jr., entered into possession of the property on the afternoon of the day of the sale, and proceeded to make repairs and cause other work to be done to the house, at a cost, as he testifies, of $333.12, of which $313.12 were, he says, for necessary repairs and work for the permanent improvement of the premises. The complainant, also, after the sale, paid the taxes on the property, which were in arrear, and on which interest was running at the rate of ten per cent. per annum. The amount so paid by him, with lawful interest thereon, should be charged on the premises for his benefit, in case of resale, and the amount of the expenditure which Jacob H. Dawson, Jr., made for repairs and other work done to the property, so far as it added to the value of the property, should be charged thereon, with interest, for his benefit.

There will be a reference to ascertain the amount paid by the complainant for taxes and interest thereon, and the amount due to Jacob H. Dawson, Jr., for his expenditures for actual betterments of the premises.

A resale will be ordered on terms that the petitioner give bond, with sufficient surety or sureties, to bid, on the resale, $13,000 for the property, and take it at that price, if necessary, in order that the property may bring that sum at least on the resale. On the resale the amounts paid for tax and interest and for betterments, with interest thereon, and the costs of the sale already made and the costs of this application will be charged on the property in advance of the amount due the petitioner.